08-CV-01167-ORD

THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAIZA ABU,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>PIRAMCO SEA-TAC INC., d/b/a BEST WESTERN AIRPORT EXECUTEL,<br><br>　　　　　　　Defendant. | No. C08-1167 RSL<br><br>[~~PROPOSED~~]<br><br>STIPULATED PROTECTIVE ORDER<br><br>**NOTED FOR PRESENTATION:**<br><br>**JANUARY 5, 2009** |

IT IS HEREBY STIPULATED by and among Plaintiff Faiza Abu ("Abu") and Piramco Sea-Tac Inc. ("Piramco") (the Plaintiff and Defendant are each termed "Party" and collectively all are termed the "Parties"), by and through their attorneys of record, that this Court may enter the following Protective Order in this case. The Parties stipulate that certain materials produced or used in this litigation may contain confidential information, and disclosure of this information could be damaging to their respective personal, business and other interests, or to that of third parties. Consequently, pursuant to CR 26(c), the Parties hereby stipulate and agree to maintain the confidentiality of documents defined and designated as "Confidential Documents" as defined below.

[~~Proposed~~] STIPULATED PROTECTIVE
ORDER - 1
Case No. C08-1167 RSL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## **PROTECTIVE ORDER**

IT IS HEREBY ORDERED that the following Protective Order be entered in this matter and that the Parties shall follow the procedures set forth below with respect to information, documents, or things produced in this litigation:

To protect the confidentiality of information contained in documents produced, and other information disclosed in this litigation, the Court orders as follows:

1.  This Order shall be applicable to and govern all depositions, documents, information or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Rules of Civil Procedure, as well as testimony adduced at trial or other hearings, matters in evidence and other information which the disclosing Party designates as "CONFIDENTIAL" hereafter furnished, directly or indirectly, by or on behalf of any Party or any non-party witness in connection with this action. As used herein, "disclosing Party" shall refer to the Parties to this action and to third parties who give testimony or produce documents or other information.

2.  In designating information as "CONFIDENTIAL" a disclosing Party shall make such a designation only as to materials which that Party in good faith believes constitute such material or matter used by it in, or pertaining to, its business, which matter is not generally known and which the Party would normally not reveal to third parties or would cause third parties to maintain in confidence, or which would subject a Party or other person to invasion of privacy interests or undue embarrassment. Parties shall designate as "CONFIDENTIAL" only those records that the producing Party, in good faith, deems confidential and/or proprietary information and/or personnel information, confidential medical information, and personal information that is not generally available to the public. Material designated "CONFIDENTIAL" shall be used by the Parties to this litigation solely

[Proposed] STIPULATED PROTECTIVE
ORDER - 2
Case No. C08-1167 RSL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  for the purpose of conducting this litigation, but not for any other purpose whatsoever.

2  3.  Disclosing Parties shall designate "CONFIDENTIAL" information as
3  follows:

4  (a)  In the case of discovery responses and the information contained
5  therein, designation shall be made by placing the following legend on every page of any such
6  document prior to production: "CONFIDENTIAL". In the event that a Party inadvertently
7  fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL"
8  at the time of its production, that Party shall have five (5) business days after such production
9  to so stamp or otherwise designate the document or other information, but shall inform the
10  other Party as promptly as possible of the need to do so.

11  (b) In the case of depositions, designation of the portion of the transcript
12  (including exhibits) which contains CONFIDENTIAL information shall be made by a
13  statement to such effect on the record in the course of the deposition or upon review of such
14  transcript by counsel for the Party to whose CONFIDENTIAL information the deponent has
15  had access; said counsel shall so designate any such information within ten (10) days after
16  counsel's receipt of the transcript. Counsel shall list on a separate piece of paper the page and
17  line numbers of the transcript containing CONFIDENTIAL information, inserting the list at
18  the end of the transcript, and mailing copies of the list to counsel for the receiving Party so
19  that it may be affixed to the face of the transcript and each copy thereof. Pending such
20  designation by counsel, the entire deposition transcript, including exhibits, shall be deemed
21  CONFIDENTIAL. If no designation is made at the time of the deposition or within ten (10)
22  days after receipt of the transcript, the transcript shall be considered not to contain any
23  CONFIDENTIAL information.

24
25  (c)  Transcripts of depositions will not be filed with the Court unless it is
    necessary to do so for purposes of preliminary injunction hearings, trial, motions for summary
26
    judgment, or other matters.

[~~Proposed~~] STIPULATED PROTECTIVE
ORDER - 3
Case No. C08-1167 RSL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

(d)   If a Party believes that Confidential information or categories of Confidential information that it produces should be subject to Seal, pursuant to CR 5 (g), if such materials would be filed in Court or used in any proceeding relating to this matter, that Party shall notify the other Party as soon as possible after production or testimony of that Party's position. The Parties shall take appropriate steps to comply with CR 5 (g) if such materials would be filed in Court or used in any proceeding relating to this matter.

(e)   Any CONFIDENTIAL information produced in a non-paper media (e.g., videotape, audiotape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL". In the event such non-paper media is transmitted via email the producing Party may designate the information produced as "CONFIDENTIAL" by so identifying such media in the email. In the event a receiving Party generates any "hard copy," transcription, or printout from any such designated non-paper media, such Party must stamp each page "CONFIDENTIAL" and the hard copy, transcription or printout shall be treated as it is designated.

4.   All "CONFIDENTIAL" information shall be used solely for the purposes of this action, including discovery, motions, trial and hearing preparation and during trial or hearings, and on appeal, as necessary, and not for any other purpose.

5.   Disclosure of all "CONFIDENTIAL" information shall be limited to:

(a)   Internal and external attorneys working on this action on behalf of any Party, and any paralegal assistants, assistants, stenographic and clerical employees working under the direct supervision of such counsel;

(b)   Officers of the Court and supporting personnel or officers of any appellate court to which an appeal may be taken or in which review is sought, including necessary stenographic and clerical personnel (e.g., court reporters);

(c)   Other qualified reporters taking, and videographers recording,

[Proposed] STIPULATED PROTECTIVE
ORDER - 4
Case No. C08-1167 RSL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

testimony involving such information, and necessary stenographic and clerical personnel thereof;

  (d) Any person of whom testimony is taken, except that such person may only be shown copies of "CONFIDENTIAL" information during his/her testimony, only to the extent that such information relates to the testimony of such person, and may not retain such "CONFIDENTIAL" information;

  (e) Any person (including testimonial experts, non-testimonial experts (who are subject to legitimate work product doctrine protections) or other trial related consultants (who are subject to legitimate work product doctrine protections)) who is expressly retained or sought to be retained by any attorney described in paragraph 6(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

  (f) A maximum of five (5) agents, officers, or employees of Piramco who are required to work directly on this litigation, with disclosures only to the extent necessary to perform such work; and

  (g) Faiza Abu.

6. Nothing herein shall restrict the use of CONFIDENTIAL information of the disclosing Party by the disclosing Party.

7. Prior to disclosure of any CONFIDENTIAL information to any persons in paragraphs 5(e), 5(f) and 5(g), the procedure set forth in paragraph 10 shall be followed.

8. Prior to the disclosure of CONFIDENTIAL information to persons in paragraphs 5(e), 5(f), 5(g), the undersigned attorney, or an attorney under his/her direction, shall advise each person that the information is confidential, can only be discussed with persons authorized by this Order to view the material and can only be used for purposes of this litigation. Counsel shall retain, but need not disclose, a copy of a signed undertaking of each person to whom disclosure is made under paragraph 5(e), 5(f) and 5(g). The written

[Proposed] STIPULATED PROTECTIVE ORDER - 5
Case No. C08-1167 RSL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

undertaking, which shall be in the form as illustrated in Exhibit A hereto, shall acknowledge that he or she has read and understands this Order, agrees to comply with this Order, agrees that the CONFIDENTIAL information will be used only to assist in this litigation, and agrees not to disclose or discuss CONFIDENTIAL information with any person other than those authorized by this Order to view the material and to use it only for the purposes of this litigation.

9. A Party shall not be obligated to challenge the propriety of a CONFIDENTIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this litigation disagrees at any stage of these proceedings with such designation, such Party shall provide to the producing Party written notice of its disagreement with the designation. The Parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before ten (10) days after the producing Party is served with said written notice. During the time the dispute is pending, the Parties shall continue to treat the document as it has been designated.

10. Failure of counsel to designate or mark any document, thing, or testimony as "CONFIDENTIAL" as provided above, shall not preclude the disclosing Party from thereafter in good faith making such designation and requesting the receiving Party to so mark and treat such documents, things or testimony so designated even after the expiration of the "five business days" designation period described in paragraph 3(a). The receiving Party, however, shall incur no liability for disclosures made prior to notice of such designations.

11. If CONFIDENTIAL information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all Parties, without prejudice to other rights and remedies of any Party, and shall

[Proposed] STIPULATED PROTECTIVE
ORDER - 6
Case No. C08-1167 RSL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

12.     In the event that any CONFIDENTIAL information is used in any court proceeding in connection with this litigation, it shall not lose its CONFIDENTIAL status through such use.

13.     Within thirty (30) days after final termination of this litigation, counsel for each Party shall return to the originating source, or certify in writing the destruction of, all CONFIDENTIAL information and all copies or derivatives thereof; provided, however, that counsel of record may retain, pursuant to that counsel of record's record retention policy, a complete set of all Confidential Documents produced by the other Party.

14.     Nothing herein shall be deemed to constitute a waiver of any objection a producing Party may have to any request for production of documents or other requested discovery. Nothing herein shall prevent any Party from objecting to production of documents or objecting to other discovery requests on any available grounds, or from seeking a modification of this Order or alternative protective orders from the Court.

15.     The provisions of this Order, insofar as they restrict the communication and use of certain discovery materials and the information contained therein, shall continue to be binding after the conclusion of this action, including appeals, if any. The Parties agree not to use any such information and materials in subsequent litigation.

16.     Any party seeking relief for violation of this Protective Order may seek from the Court any and all such relief within the Court's remedial and other authority, including, without limitation, an award of attorney's fees incurred surrounding the violation.

DONE IN OPEN COURT this 6th day of January, 2009.

_____
HONORABLE ROBERT S. LASNIK

[Proposed] STIPULATED PROTECTIVE
ORDER - 7
Case No. C08-1167 RSL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  Stipulated to, presented and entry approved by:

2

K&L GATES LLP

3

4

By: /s/Suzanne J. Thomas
5  Suzanne J. Thomas, WSBA #17338
K&L Gates LLP
6  925 Fourth Ave., Suite 2900
Seattle, WA 98104-1158
7  Telephone: (206) 623-7580
Fax: (206) 623-7022
8  Email: suzanne.thomas@klgates.com
Attorneys for Defendant
9  Piramco Sea-Tac Inc.

10

By: /s/Beth Barrett Bloom
11  Beth Barrett Bloom, WSBA #31702
Sean M. Phelan, WSBA #27866
12  Frank Freed Subit & Thomas LLP
705 Second Avenue, Suite 1200
13  Seattle, WA 98104
Telephone: (206) 682-6711
14  Fax: (206) 682-0401

15  Email: bbloom@frankfreed.com
Email: sphelan@frankfreed.com
16  Attorneys for Plaintiff Faiza Abu

17

18

19

20

21

22

23

24

25

26

[Proposed] STIPULATED PROTECTIVE
ORDER - 8
Case No. C08-1167 RSL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

EXHIBIT A

## UNDERTAKING

I acknowledge that I, _____ (Name), of _____ (Place and Position of Employment), am about to receive confidential information supplied by _____ (Party). I certify that I understand that such confidential information will be provided to me pursuant to the terms and restrictions of the STIPULATED PROTECTIVE ORDER of _____, 2009, in *ABU FAIZA v. PIRAMCO SEA-TAC INC., d/b/a BEST WESTERN AIRPORT EXECUTEL*, United States District Court Civil Action No. C08-1167 RSL in the U.S. District Court for the Western District of Washington. I further represent that I have been given a copy of and have read that STIPULATED PROTECTIVE ORDER, and that I agree to be bound by all of its applicable terms. I also understand that documents and/or information having any confidential designation, and all copies, summaries, notes and other records that may be made regarding such documents and/or information, shall be disclosed to no one other than persons qualified under the STIPULATED PROTECTIVE ORDER to have access to such information.

I understand and acknowledge that violation of this Undertaking or the STIPULATED PROTECTIVE ORDER may be punishable by Contempt of Court.

DATED this _____ day of _____, 200_.

_____    _____
DATE                                                           SIGNATURE

[Proposed] STIPULATED PROTECTIVE
ORDER - 9
Case No. C08-1167 RSL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022