UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FAIZA ABU,

    Plaintiff,

    v.

PIRAMCO SEA-TAC INC., d/b/a BEST WESTERN AIRPORT EXECUTEL,

    Defendant,

Case No. C08-1167RSL

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR A PROTECTIVE ORDER

This matter comes before the Court on plaintiff's motion for a protective order. Plaintiff seeks an order preventing defendant from contacting her current and former employers, prohibiting defendant from issuing subpoenas to them, and quashing the subpoenas already issued.

**A.    Background Facts.**

Plaintiff worked for defendant as a hotel front desk agent from July 27, 2006 until November 3, 2006. Plaintiff was required to wear a uniform at work.

A tenet of plaintiff's Muslim faith is to wear a head scarf when she is in the presence of males who are not her husband or blood relatives. Plaintiff wore a head scarf to work during Ramadan in 2006 and the weeks prior to it. Plaintiff contends that

ORDER REGARDING MOTION
FOR A PROTECTIVE ORDER - 1

defendant discharged her when she refused to remove her head scarf. Plaintiff contends that defendant failed to accommodate her religious preference in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

In January 2009, defendant issued subpoenas duces tecum to two employers for whom plaintiff worked prior to defendant.[1] Defendant expressed an intent to issue three more subpoenas to plaintiff's subsequent employers, including her current employer. The subpoenas to the former employers are identical and request ten categories of documents regarding plaintiff: (1) each personnel file, (2) each departmental file, (3) each formal or informal supervisor's file, (4) all records relating to any reference check completed, (5) all payroll records, (6) all records identifying employee benefits, (7) each record relating to the reason for termination, (8) all records relating to complaints about plaintiff's work performance and investigation into such complaints, (9) records reflecting complaints of discrimination made by plaintiff to any agency, and (10) a job description.

**B.     Analysis.**

Plaintiff has filed a certification establishing that counsel met and conferred prior to filing this motion.[2] Although plaintiff initially contended that defendant failed to give proper notice of the subpoenas, she did not pursue that issue in her reply memorandum. Moreover, plaintiff has had a sufficient opportunity, albeit after two of the subpoenas

---

[1] In December 2008, defendant sent subpoenas duces tecum to the University of Washington and Highline Community College seeking copies of plaintiff's education-related files, including her financial aid records. Plaintiff has not moved to quash those subpoenas and instead focuses on the employment-related subpoenas.

[2] On January 15, 2009, plaintiff's counsel sent a letter to this Court setting forth the issue and requesting "direction." Even though a copy of the letter was sent to opposing counsel, the communication was inappropriate. Any request for relief should be contained in a motion, which allows the opposing party an opportunity to respond.

were served, to object. Therefore, the motion is ready for the Court's review.

As a threshold matter, a plaintiff has standing to seek to quash a subpoena issued to a third party where the plaintiff asserts a legitimate privacy interest in the material sought. See, e.g., Maxwell v. Health Ctr. of Lake City, 2006 WL 1627020 (M.D. Fla. 2006). In this case, plaintiff has shown that she has a legitimate privacy interest in the contents of her employment-related files. Therefore, she has standing to bring this motion.

As for the merits of plaintiff's motion, the Court has discretion to issue a protective order forbidding or limiting discovery. Fed. R. Civ. P. 26(c)(1). A party is entitled to discovery into matters "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). A party's right to obtain material pursuant to a Rule 45 subpoena to a third party is as broad as otherwise permitted under the discovery rules. See, e.g., Wright, Miller & Cooper, Federal Practice & Procedure § 2459 at pp. 44-45 (2d. ed. 1994). A court may limit discovery to protect a party from annoyance, embarrassment, oppression, or undue burden. Fed. R. Civ. P. 26(c)(1). Plaintiff, as the party resisting discovery, bears the burden of showing why discovery should be denied. See, e.g., Blankenship v. Hearst Corp., 519 F.2d 418, 419 (9th Cir. 1975).

Plaintiff contends that the information defendant seeks is information it already has (information about her compensation) or information that is inadmissible in this case (information regarding plaintiff's performance history). The requests are not overly broad on their face because they request specific categories of documents. However, defendant has not explained why information regarding plaintiff's employee benefits is relevant. Although plaintiff seeks back pay, she does not seek lost benefits. Therefore,

the other employers will not be required to provide information about plaintiff's benefits. Similarly, the other employers will not be required to provide plaintiff's payroll records because compensation information can be obtained through less intrusive means, like tax records.[3] Nor is this information relevant to mitigation or to support defendant's after acquired evidence defense. Any after acquired evidence that might be obtained would not affect plaintiff's damages because she has already obtained other employment and mitigated her damages.

Defendant has shown that the other information sought from plaintiff's employers is relevant in two ways. First, it is relevant to her claims of emotional distress. Plaintiff contends that as a result of defendant's discriminatory treatment, she suffered emotional distress, including a reduced ability to concentrate. Consequently, plaintiff's subsequent attendance and ability to concentrate (as reflected in her job performance) is relevant. Furthermore, the information is also relevant to support or disprove causation of the emotional distress. Second, information from plaintiff's other employers is relevant to her credibility. It does not appear that defendant is conducting a fishing expedition on the issue. Rather, plaintiff has been untruthful once about an important issue. She failed to list a recent prior employer on her employment application with defendant because she feared receiving a bad reference. The omission was made even though plaintiff signed the application certifying that the answers provided were accurate to the best of her knowledge and belief and acknowledging that intentional omissions could lead to her

---

[3] Defendant argues that plaintiff has indicated in her supplemental initial disclosures that she will rely on documents from other employers. Defendant did not attach the supplemental initial disclosures or otherwise indicate the extent of plaintiff's anticipated reliance. If plaintiff indicates an intent to rely on payroll and benefits-related documents from her other employers, defendant may seek to obtain those documents.

ORDER REGARDING MOTION
FOR A PROTECTIVE ORDER - 4

termination. Because plaintiff was intentionally untruthful at least once regarding an important issue, defendant is entitled to further probe her credibility.[4] Moreover, the nature of plaintiff's claims and the issue of the sincerity of her beliefs place her credibility directly at issue in this case. Furthermore, defendant is entitled to discover whether plaintiff has previously filed frivolous discrimination claims, which could weigh against her credibility. See, e.g., Maxwell, 2006 WL 1627020 at *4 (citing Graham v. Casey's General Stores, 206 F.R.D. 251, 256 (S.D. Ind. 2002)).[5] Therefore, with the exception of documents regarding payroll and benefits, the information sought is relevant. Plaintiff has not shown how the evidence can be obtained through less intrusive means.

      Having found that some of the requested evidence is relevant, the Court balances defendant's interest in obtaining the information against plaintiff's privacy interest and the burden to the third parties. Plaintiff claims that she does not want her current employer to learn that she has filed an employment discrimination lawsuit against her prior employer. However, plaintiff is statutorily protected from retaliation for filing the lawsuit. As for her claimed privacy interest, plaintiff gave a press interview about this matter which resulted in a story about it in the Seattle Weekly in September 2008. Coverage of the issue is readily available through a simple internet search using

---

[4] Compare Graham, 206 F.R.D. at 255 (explaining that plaintiff's untruthful statements to her prior employer could be relevant to her credibility) with Chamberlain v. Farmington Sav. Bank, 2007 WL 2786421 (D. Conn. 2007) (granting motion to quash where defendant had not shown that plaintiff had misrepresented information in the litigation); see also Woods v. Fresenius Med. Care Group, 2008 WL 151836 (S.D. Ind. 2008) (declining to find relevance based on credibility where defendant did not identify facts to show that plaintiff had been untruthful to it or to her other employers).

[5] See also Shirazi v. Childtime Learning Ctr., 2008 WL 4792694 (W.D. Okla. 2008).

ORDER REGARDING MOTION
FOR A PROTECTIVE ORDER - 5

plaintiff's name. Moreover, plaintiff may have waived some of her privacy interests by bringing this Title VII suit and seeking damages for emotional distress. See, e.g., Maxwell, 2006 WL 1627020 at *2; Mirkin v. Winston Resources, LLC, 2008 WL 4861840 (S.D.N.Y. 2008). Plaintiff could have reasonably expected that matters regarding her other employment and performance would be disclosed in this litigation. She has not shown that any information in her employment records is particularly embarrassing or revealing. There is no evidence that defendant intends to use the discovery process or the contents of the files to harass plaintiff or her other employers. In addition, plaintiff has worked for each employer for a relatively short period of time, so producing the documents should not be unduly burdensome.

Accordingly, plaintiff's motion for a protective order (Dkt. #23) is GRANTED IN PART AND DENIED IN PART. The Court quashes the already issued subpoenas to the extent that they seek plaintiff's payroll records and information regarding employee benefits. Nor may defendant seek that information from plaintiff's subsequent employers. Otherwise, plaintiff's motion is denied.

DATED this 5th day of February, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge