# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

FAIZA ABU,

    Plaintiff,

    v.

PIRAMCO SEA-TAC INC., d/b/a BEST WESTERN AIRPORT EXECUTEL,

    Defendant,

Case No. C08-1167RSL

ORDER GRANTING STIPULATED MOTION TO SEAL

    This matter comes before the Court on the parties' stipulated motion to seal plaintiff's medical records filed as exhibits four and five to the Declaration of Suzanne Thomas in support of defendant's pending motion to compel. The parties have stipulated that exhibits four and five may be filed under seal because of the personal and private nature of the medical records. The Court finds that the medical records and references to them in the memorandum and declaration are private and that the public's interest in viewing the documents is minimal. Accordingly, the stipulated motion to seal exhibits four and five (Dkt. #33) is GRANTED.

    However, defendant filed the entire motion to compel, proposed order, and supporting declaration under seal. The parties have not shown good cause to seal the

ORDER GRANTING STIPULATED
MOTION TO SEAL - 1

entire filing. The Court cannot selectively unseal portions of the filing because defendant did not separately file exhibits four and five. Accordingly, defendant is ORDERED to file, within ten days of the date of this order, an unsealed copy of the proposed order and exhibits one, two, and three.

The parties have supplied, at docket #35, a redacted copy of the memorandum and declaration, redacting two sentences from the memorandum and one sentence from the declaration that reference the contents of plaintiff's medical records. The redacted copies afford the public the opportunity to view the non-private material. Therefore, the originally filed documents (Dkt. #31) may remain under seal.

After the parties filed their stipulation, but pursuant to it, they filed portions of their response and reply under seal. Plaintiff filed under seal an exhibit to her opposition. That exhibit (Dkt. #38) contains private medical information and it may remain sealed. Defendants filed portions of their reply under seal, including two exhibits that reference plaintiff's sensitive personal information. Defendants filed redacted copies of their reply memorandum and supporting declaration which redacted only a few sentences that referenced the private information. Therefore, portions of defendant's reply (Dkt. #46) can remain under seal.

DATED this 23rd day of February, 2009.

_____
Robert S. Lasnik
United States District Judge

ORDER GRANTING STIPULATED
MOTION TO SEAL - 2