UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FAIZA ABU,

    Plaintiff,

    v.

PIRAMCO SEA-TAC INC., d/b/a BEST WESTERN AIRPORT EXECUTEL,

    Defendant,

Case No. C08-1167RSL

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL

This matter comes before the Court on defendant's motion to compel plaintiff and her boyfriend, Jamal Hussein, to provide testimony about their relationship. Defendant also seeks to compel production of documents, including unredacted copies of plaintiff's medical records.

Plaintiff worked for defendant as a hotel front desk agent from July 27, 2006 until November 3, 2006. Plaintiff was required to wear a uniform at work. A tenet of plaintiff's Muslim faith is to wear a head scarf when she is in the presence of males who are not her husband or blood relatives. Plaintiff wore a head scarf to work during Ramadan in 2006 and the weeks prior to it. Plaintiff contends that defendant discharged her when she refused to remove her head scarf. Plaintiff contends that defendant failed to

ORDER REGARDING
MOTION TO COMPEL - 1

1 accommodate her religious preference in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

Plaintiff and Hussein have had what plaintiff describes as a "dating relationship" since the summer of 2006. Abu Dep. at p. 16. During plaintiff's deposition, defense counsel questioned plaintiff about the nature of her relationship with Hussein, whether it was platonic, and whether anyone might have seen the two have physical contact in public. Plaintiff refused to answer those questions. Hussein refused to answer similar questions during his deposition on January 30, 2009. Plaintiff's counsel also claimed that her firm represented Hussein, and on that basis, instructed him not to answer certain questions, including whether he signed a fee agreement with Frank Freed Subit & Thomas and whether he paid a retainer fee.

Plaintiff has produced redacted copies of her medical records from 2006 and 2007. Although plaintiff refused to produce unredacted copies of the medical records, defense counsel was permitted to conduct an "attorney's eyes only" review of some of them.

**A.      Timeliness of the Motion.**

Plaintiff moved to strike defendant's motion to compel as untimely. Pursuant to the Court's scheduling order, all motions related to discovery should have been filed by January 15, 2009. Defendant filed this motion on February 2, 2009. However, plaintiff, as the party resisting discovery, should have filed a motion for a protective order. Recognizing that duty, plaintiff's counsel informed defense counsel that she would move for a protective order. Declaration of Sean Phelan, (Dkt. #37) ("Phelan Decl."), Ex. C. Moreover, the issue was not fully ripe until Hussein refused to answer certain questions during his January 30, 2009 deposition. Defendant filed this motion on the next business day. Under these circumstances, the Court will consider the motion.

ORDER REGARDING
MOTION TO COMPEL - 2

**B.     Analysis.**

Defendant has filed a certification establishing that counsel met and conferred prior to filing this motion. Therefore, the motion is ready for the Court's review. During their communications, counsel have resolved their disagreements regarding plaintiff's responses to requests for production 21 and 22. Similarly, plaintiff's counsel has provided information about her firm's attorney-client relationship with Hussein. Therefore, the request to compel information regarding those topics is denied as moot.

Pursuant to Federal Rule of Civil Procedure 26(c) and for good cause shown, the Court may issue a protective order when justice so requires to protect a person from annoyance, embarrassment, oppression, or undue burden. Plaintiff argues that any information about her relationship with Hussein and whether they have been physically intimate is irrelevant, embarrassing, and inadmissible[1] under Evidence Rules 403 and 412.

Plaintiff argues that she should not be required to produce unredacted copies of her medical records or answer questions regarding her relationship with Hussein because such information is protected under Federal Rule of Evidence 412. That rule, which addresses the admissibility of sexual behavior in sexual offense cases, is inapplicable in this case.

Limited information about plaintiff's relationship with Hussein and plaintiff's

---

[1] By extensively arguing about the admissibility of certain evidence, plaintiff is missing the point about what is *discoverable* versus what is *admissible*. The evidence rules on which she relies relate to *trial*, not to pre-trial discovery. This is the second discovery dispute the Court has been asked to resolve which evidences a misconception of that distinction, an underestimation of the breadth of discoverable information, and an over-estimation of plaintiff's privacy interests in the context of discovery. See also Order at Dkt. #32 (granting in part and denying in part plaintiff's motion to quash subpoenas seeking information from plaintiff's current and former employers).

medical records are relevant to her claim of emotional distress.[2]  Plaintiff claims that her medical condition, heart palpitations, was exacerbated by defendant's conduct.  She also claims that as a result of defendant's actions, she suffered emotional distress symptoms "acutely for approximately six months and diminishing over time."  Phelan Decl., Ex. E. Plaintiff was dating Hussein during that time.  Morever, plaintiff feared her family's and community's disapproval if the nature of her relationship were discovered; that concern could have caused her stress.  Hussein testified during his deposition that having a physical relationship would bring "shame" to plaintiff.  Hussein Dep. at pp. 36-37. Plaintiff's expert testified that a woman from Somalia would not tell her family if she had physical contact with a male because "she would be doing something which in their eyes was very bad, and that she probably would be afraid of them getting really angry at her . . . [b]ecause it's religiously and culturally dishonorable."  Brown Dep. at pp. 89-90.  In light of the timing of the relationship and the fact that any pre-marital physical relations are against the teachings of plaintiff's religion, defendant is entitled to learn whether plaintiff's relationship with Hussein caused some of her emotional distress.  As part of that inquiry, defendant may inquire about the nature of the relationship.  Although plaintiff contends that it would be embarrassing to discuss her relationship, she has opened the door to some inquiries into her personal life by filing a claim for emotional distress.  In her supplemental initial disclosures, plaintiff named Hussein as a potential fact witness with knowledge about her alleged emotional distress.  Moreover, dissemination of any information about the relationship can be limited through the use of

---

[2] Because the Court finds that the requested information is relevant to plaintiff's claim of emotional distress, it need not decide whether the information is also relevant to whether her religious belief is sincerely held.

the protective order and a motion to seal if necessary. The permissible inquiries are limited. Defense counsel can ask plaintiff the following questions: whether her relationship with Hussein is platonic, whether they have had physical contact with each other in public (and if so, when and generally what type of public physical contact), whether they have been physically intimate, and whether the relationship and any physical contacts have caused plaintiff embarrassment, stress, fear or similar emotions that could be related to her emotional distress claim. Defense counsel cannot inquire into the nature of their physical relations, if any. Nor can defense counsel ask questions about the nature of the relationship after plaintiff allegedly ceased experiencing emotional distress. If plaintiff answers these questions, then, as defendant concedes, it will not need to question Hussein about the same issues.[3]

Similarly, plaintiff's medical records are relevant to her emotional distress claim. Defendant may discover a complete, unredacted set of plaintiff's medical records for 2006 and 2007, since she alleges that she suffered acute emotional distress during those years. Defendant may also discover a complete, unredacted copy of any medical record that discusses plaintiff's alleged emotional distress symptoms during or after her employment with defendant. Plaintiff has alleged that defendant's conduct caused her to have heart palpitations. In order to allow defendant to probe that claim, it may discover any medical records that reference any cardiac condition or symptoms from 2004 through

---

[3] The Court also sees little point in reconvening Hussein's deposition to allow defendant to question him about when plaintiff's counsel began to represent him. Plaintiff's counsel stated on the record that the representation began about two weeks before the deposition. Hussein Dep. at p. 10. Plaintiff's counsel stated in a sworn declaration that Hussein retained the firm "to represent him in connection with his deposition." Phelan Decl. at ¶ 6. That information is sufficient to show the timing and scope of the representation.

ORDER REGARDING
MOTION TO COMPEL - 5

2007.  To give defendant a complete view of the records, they must not be redacted.  The records can be limited to attorney's eyes only review.  Limiting review of the medical records and allowing defense counsel to ask only narrowly tailored questions will limit the intrusion into plaintiff's and Hussein's private lives and lessen any embarrassment.

Plaintiff also contends that even if the information is relevant, its minimal probative value is outweighed by the risk of prejudice.  As discussed at footnote 1, that inquiry is premature.  Rather than resolving the issue now, the Court will consider it, if necessary, at trial in context if defendant seeks to admit any of the material later.

Accordingly, defendant's motion to compel (Dkt. #31) is GRANTED IN PART AND DENIED IN PART.  Defendant may briefly continue plaintiff's deposition to ask her a few narrow questions as set forth above.  Plaintiff must provide unredacted copies of some of her medical records as set forth above.

DATED this 9th day of March, 2009.

                                 /s/ Robert S. Lasnik
                                 Robert S. Lasnik
                                 United States District Judge